E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102
     Facsimile: (213) 894-6269
     E-mail:    andrew.brown@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-cr-00504-SVW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ALI GARAWI |
| v. | |
| ALI GARAWI, | |
| Defendant. | |

1.   This constitutes the plea agreement between ALI GARAWI ("defendant"), and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

    a)   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the information,

which charges defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371.

   b) Not contest facts agreed to in this agreement.

   c) Abide by all agreements regarding sentencing contained in this agreement.

   d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

   g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

   h) Not bring a post-conviction collateral attack on the conviction or sentence except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

   i) Not move to withdraw defendant's guilty plea.

   j) Not file a notice of appeal, unless the term of imprisonment imposed exceeds five years.

  3. Defendant further agrees:

   a. To forfeit to the United States of America any and all interests of defendant in the following items (collectively referred to herein as the "Forfeitable Property"), which Forfeitable

Property defendant agrees (1) constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 371 and 1343 and/or 21 U.S.C. §§ 841 and 846; and (2) shall, at the sole election of the United States of America, be criminally forfeited or civilly forfeited, administratively or judicially, pursuant to 18 U.S.C. § 981, 18 U.S.C. § 982, 21 U.S.C. § 881, 28 U.S.C. § 2461 or otherwise:

    i.  $628,740.00 in U.S. Currency seized from U.S. Private Vaults safe deposit box number 1805 in March 2021, CATS ID Number 21-FBI-003033;

    ii.  $523,716.00 in U.S. Currency seized on or about May 10, 2022 from Muhammad Garawi's residence in Los Angeles, California, CATS ID Number 22-FBI-003604;

    iii. $4,478.00 in U.S. Currency seized on or about May 10, 2022 from defendant's residence in Los Angeles, California, CATS ID Number 22-FBI-003603; and

    iv.  $251,253.00 in U.S. Currency seized on or about May 10, 2022 from Rasool Garawi's residence in Los Angeles, California, CATS ID Number 22-FBI-003602.

    b.  To deliver to the undersigned Assistant United States Attorney, within fourteen (14) calendar days of the written request by the USAO (through an Assistant United States Attorney) therefor, a notarized release in the form of Exhibit A attached hereto, executed by Rasool Garawi and Muhammad Garawi, of their right to contest the forfeiture of the Forfeitable Property.

    c.  To the Court's entry of a Preliminary Order of Forfeiture at or before sentencing with respect to the Forfeitable Property, which Preliminary Order of Forfeiture shall become final

as to defendant upon entry, and to the forfeiture of the Forfeitable Property.

   d. To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

   e. Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions (including, without limitation, the pseudonym claim defendant admits he signed on or about June 21, 2021 as John Doe which was submitted by The Shevin Law Group to the Federal Bureau of Administration).  Defendant further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property.  In addition, Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

   f. Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

   g. Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

   h. To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

1    i.   To fill out and deliver to the USAO a completed
financial statement listing defendant's assets on a form provided by
the USAO.

j.   That forfeiture of Forfeitable Property shall not be
counted toward satisfaction of any special assessment, fine,
restitution, costs, or other penalty the Court may impose.

k.   With respect to any criminal forfeiture ordered as a
result of this plea agreement, defendant waives: (1) the
requirements of Federal Rules of Criminal Procedure 32.2 and 43(a)
regarding notice of the forfeiture in the charging instrument,
announcements of the forfeiture at sentencing, and incorporation of
the forfeiture in the judgment; (2) all constitutional and statutory
challenges to the forfeiture (including by direct appeal, habeas
corpus or any other means); and (3) all constitutional, legal, and
equitable defenses to the forfeiture of the Forfeitable Property in
any proceeding on any grounds including, without limitation, that
the forfeiture constitutes an excessive fine or punishment.
Defendant acknowledges that the forfeiture of the Forfeitable
Property is part of the sentence that may be imposed in this case
and waives any failure by the Court to advise defendant of this,
pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the
time the Court accepts defendant's guilty plea.

## THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a)   Not contest facts agreed to in this agreement.

b)   Not recommend a sentence that includes prison.

c)   Except for criminal tax violations (including
conspiracy to commit such violations chargeable under 18 U.S.C.

5

§ 371), not further criminally prosecute defendant based on facts contained in the discovery. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## NATURE OF THE OFFENSE

5. Defendant understands that for defendant to be guilty of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371, the following must be true: First, during the time period alleged in the information there was an agreement between two or more persons to commit wire fraud; Second, defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. The elements of wire fraud, in turn, are as follows: First, defendant knowingly participated in or devised a scheme to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises; Second, the statements made or facts omitted as part of the scheme were material, that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; Third, defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth, defendant used, or caused to be used, wire communications in interstate or foreign commerce to carry out or attempt to carry out an essential part of the scheme.

## PENALTIES AND RESTITUTION

6.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371 is: Five years' imprisonment; a three-year period of supervised release; a fine of $250,000, or twice the gross gain or loss, whichever is greatest; and a mandatory special assessment of $100.

7.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation,

parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that defendant would be required to pay full restitution to the victims of the offense to which defendant is pleading guilty, except that he has already done so.

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

> Beginning in 2020, and continuing through at least August 6, 2020, there was an agreement between two or more persons to commit wire fraud.  Defendant became a member of that conspiracy knowing of its object and intending to help accomplish it.  In furtherance of the conspiracy, defendant, acting with the intent to defraud, arranged to file on July 12, 2020, for an Economic Injury Disaster Loan for his business Golden Exclusive Properties Inc. for $150,000, in which he falsely declared that it was not engaged in any illegal activity, when he knew that most of its business activity involved the sale of marijuana which was illegal activity as defined by Federal guidelines.  The filing for the loan, and defendant's communications with his co-conspirator to arrange for it, caused wire communications in interstate commerce.  The Forfeitable Property listed earlier in this plea agreement constitutes proceeds of the unlicensed sale of marijuana, and the fraudulent COVID relief loan.

## SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Intended Loss $150K:      +8   U.S.S.G. § 2B1.1(b)(1)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13.  Defendant understands that there is no agreement as to defendant's criminal history score or category.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to be represented by counsel – and if necessary have the court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## LIMITED WAIVER OF DISCOVERY

16. In exchange for the government's obligations under this agreement, defendant gives up any right he may have had to review any additional discovery.

## ABANDONMENT OF DIGITAL DEVICES

17. Defendant abandons all right, title, and interest defendant had in any of the digital devices seized by law

enforcement officials in the investigation of this case, which defendant admits are instrumentalities of defendant's offense.

## WAIVER OF APPEAL OF CONVICTION

18. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19. Defendant agrees that, provided the Court imposes a term of imprisonment of no more than five years, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $1,000,000; and (f) the conditions of probation or supervised release imposed by the Court.

20. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

11

21. The USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the

USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, (b) the USAO will be relieved of all its obligations under this agreement, and (c) defendant will still be bound by defendant's obligations under this agreement.

25.    Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a)   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b)   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c)   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such

action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in the plea agreement are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions

14

different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

///

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*Andrew Brown*　　　　　　　　　　　　　February 23, 2023
ANDREW BROWN　　　　　　　　　　　　　　Date
Assistant United States Attorney


_____　　　　3/1/23
ALI GARAWI　　　　　　　　　　　　　　　Date
Defendant


_____　　　　3/1/23
ERIC SHEVIN　　　　　　　　　　　　　　Date
Attorney for Defendant
ALI GARAWI

### CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter,

16

and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  Date 3/1/23
ALI GARAWI
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ALI GARAWI's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____  Date 3/1/23
ERIC SHEVIN
Attorney for Defendant
ALI GARAWI

17

# EXHIBIT A

## WAIVER AND RELEASE OF CLAIMS TO CONTEST FORFEITURE

I. INTRODUCTION

1. ALI GARAWI ("Defendant") has entered into a plea agreement with the United States Attorney's Office for the Central District of California.

2. Defendant has agreed to forfeit to the United States of America defendant's interests in the following items (collectively, the "Forfeitable Property"): (i) $628,740.00 in U.S. Currency seized from U.S. Private Vaults safe deposit box number 1805 in March 2021, CATS ID Number 21-FBI-003033; (ii) $523,716.00 in U.S. Currency seized on or about May 10, 2022 from Muhammad Garawi's residence in Los Angeles, California, CATS ID Number 22-FBI-003604; (iii) $4,478.00 in U.S. Currency seized on or about May 10, 2022 from defendant's residence in Los Angeles, California, CATS ID Number 22-FBI-003603; and (iv) $251,253.00 in U.S. Currency seized on or about May 10, 2022 from Rasool Garawi's residence in Los Angeles, California, CATS ID Number 22-FBI-003602.

3. Rasool Garawi and Muhammad Garawi are relatives of Defendant.

I. WAIVER AND RELEASE BY RASOOL GARAWI AND MUHAMMAD GARAWI

Rasool Garawi and Muhammad Garawi, and each of them, hereby knowingly, voluntarily, and intelligently waive, relinquish, and surrender all rights to contest the forfeiture of the Forfeitable Property, and all rights to judicial review of the forfeiture of the Forfeitable Property.  In addition, Rasool Garawi and Muhammad Garawi, and each of them, agree to take all steps necessary to pass to the United States of America clear title to the Forfeitable

Property. To the extent that Rasool Garawi and Muhammad Garawi, or either of them, has already filed one or more claims to contest the administrative or judicial forfeiture of the Forfeitable Property, or has submitted a petition for remission relative to the Forfeitable Property, this Waiver and Release constitutes a complete withdrawal of such claims or petitions for remission, and Rasool Garawi and Muhammad Garawi, and each of them, agree and understand that the Forfeitable Property shall be administratively or judicially forfeited to the United States of America without any further notice to Rasool Garawi and Muhammad Garawi, or either of them.

_____    7/12/23
Rasool Garawi                      Date

_____    09/31/23
Muhammad Garawi                    Date